**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61877-CIV-DAMIAN**

**ASLAN GAGIEV,**

Petitioner,

v.

**GARRETT RIPA,** *et al,*

Respondents.
________________________________________/

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

**THIS CAUSE** is before this Court on Petitioner, Aslan Gagiev's ("Gagiev" or "Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed on July 7, 2026. Respondents filed a Response to the Order to Show Cause [ECF No. 5 ("Response")] on July 17, 2026, and Petitioner filed a Reply [ECF No. 6 ("Reply")] on July 20, 2026.

THE COURT has reviewed the Petition and relevant submissions, the pertinent portions of the record, and relevant authorities and is otherwise fully advised. For the reasons that follow, the Petition is due to be dismissed without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Russia who applied for admission to the United States at the Otay Mesa Port of Entry on or about October 29, 2021. Resp. at 1; [ECF No. 5-1 ¶¶ 6–7]. Petitioner was paroled into the United States on October 31, 2021, until October 29, 2022. Resp. at 1–2; [ECF No. 5-1 ¶ 8].

On July 5, 2026, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations encountered Petitioner and took him into custody. Resp. at 2;

[ECF No. 5-1 ¶ 9]. That same day, ICE served Petitioner with a Form I-200, Warrant for Arrest of Alien, and a Notice to Appear ("NTA"), charging him as inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Resp. at 2; [ECF Nos. 5-2, 5-3]. The NTA was filed with the Executive Office for Immigration Review on July 6, 2026. Resp. at 2; [ECF No. 5-1 ¶ 12]. On July 14, 2026, the Department of Homeland Security ("DHS") filed a Form I-261 containing allegations regarding Petitioner's manner of entry into the United States as an arriving alien. Resp. at 2; [ECF No. 5-6]. Petitioner remains detained at the Broward Transitional Center. [ECF Nos. 5-1 ¶ 14, 5-4].

On July 7, 2026, Petitioner filed the Petition now before this Court. [ECF No. 1]. Petitioner challenges the statutory authority under which Respondents are detaining him. Specifically, Petitioner contends that his detention is not governed by 8 U.S.C. § 1225(b)(2), which does not provide for release on bond, but instead by 8 U.S.C. § 1226(a), which permits release on bond and authorizes an Immigration Judge to conduct a custody redetermination hearing. *See generally* Pet. Petitioner therefore seeks, among other relief, immediate release from detention or an individualized custody determination. Pet. at 44–45. hearing.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

*See* § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue the Petition should be dismissed because Petitioner has failed to exhaust his available administrative remedies. Resp. at 7–10. Specifically, Respondents indicate that Petitioner has not requested a custody redetermination hearing before an Immigration Judge. *Id.* at 2, 7–10; [ECF No. 5-1 ¶ 16]. Respondents further contend that seeking such relief would not be futile in light of the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, FDC Miami*, 175 F.4th 1258 (11th Cir. 2026). Resp. at 8–10.

Petitioner responds that exhaustion is not required because his claim does not merely concern whether he should be released on bond. Reply at 3–9. Rather, Petitioner argues that he challenges the threshold legal question whether DHS has statutory authority to detain him pursuant to Section 1225(b)(2), rather than Section 1226(a). *Id.* Petitioner maintains that neither an Immigration Judge nor the Board of Immigration Appeals ("BIA") possesses authority to determine whether DHS invoked the correct detention statute in the first instance and, therefore, that the administrative process cannot afford the relief he seeks. *Id.*

This Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. *Id.* at 474–75.

Here, the record before this Court reflects that Petitioner did not exhaust his administrative remedies before filing the Petition because he had not requested a custody

redetermination before an Immigration Judge. Resp. at 7–10; [ECF No. 5-1 ¶ 16]. Indeed, Petitioner does not dispute that he failed to seek a custody redetermination before filing this action. Rather, he maintains that exhaustion should be excused because the administrative process cannot resolve his statutory challenge or provide the relief he seeks. *See* Reply at 3–9.

This Court has previously addressed and excused challenges based on failure to exhaust administrative remedies in similar circumstances. Those cases, however, arose before there was binding precedent requiring Immigration Judges to afford bond hearings to certain individuals found in the United States and brought before the Immigration Court pursuant to 8 U.S.C. § 1226. Thus, prior to the Eleventh Circuit's issuance of the decision in *Hernandez Alvarez v. Warden, FDC Miami*, this Court generally held that appeals of decisions denying requests for bond hearings would be futile in light of precedent from the Board of Immigration Appeals ("BIA") dictating that such individuals were not entitled to bond hearings. *See, e.g.*, *Deleon v. Ripa*, No. 26-21088-CIV-DAMIAN, 2026 WL 914777 (S.D. Fla. Apr. 3, 2026) (noting that "any exhaustion requirements are excused for futility because the result of [p]etitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*") (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)); *Mejia v. Lyons*, No. 26-60258-CIV-DAMIAN, 2026 WL 914753 (S.D. Fla. Apr. 3, 2026) (same).

The landscape has since changed. Before Petitioner filed the Petition, the Eleventh Circuit entered its opinion in *Hernandez Alvarez v. Warden, FDC Miami*, in which the Eleventh Circuit concluded that § 1226 applies to aliens unlawfully in the interior, such as Petitioner, and, therefore, that such individuals are entitled to a bond hearing. And the BIA "is obliged to apply the precedent of the relevant court of appeals in cases arising within the

associated circuit – even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023) (citations omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)).

As such, it is no longer apparent, without more, that a request for a bond redetermination would be futile in light of *Hernandez-Alvarez*. Nor has Petitioner otherwise demonstrated why the administrative process cannot afford him the relief he seeks. Therefore, Petitioner must exhaust available remedies by seeking relief before the Immigration Court before complaining to this Court that such relief is not available.

## IV. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE**.
2. Any pending motions are **DENIED AS MOOT**.
3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 31st day of August, 2026.



**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record